IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James E. Smith, | ) | C/A No.: 3:09-cv-00022-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Michelin North America, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Through this action, pro se plaintiff James E. Smith ("Smith") seeks to recover damages against his former employer, defendant Michelin North America, Inc. ("Michelin"), for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. This matter is before the court for review of the Magistrate Judge's report and recommendation (the "Report") (ECF No. 27) on Michelin's motion for summary judgment (ECF No. 21). made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g) (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). The Report recommends denying Michelin's motion for summary judgment. In response, Michelin has lodged a number of objections. (ECF No. 30.) After reviewing the parties' briefs, the record, the Report, and the objections, the court hereby adopts the facts as outlined in the Report's "Facts" section but rejects the Report's recommendation, and grants Michelin's motion for summary judgment.

**I.      Factual and Procedural History**

Smith worked as an electrical troubleshooter at Michelin's Lexington, South Carolina facility from 1981 until his termination on January 7, 2008. Except for evaluations suggesting that he improve his teamwork and communications skills, Smith had an uneventful work history with Michelin until 2007.

On September 13, 2007, one of the operators reported that Smith had responded negatively to a troubleshooting call. Next, on September 17, 2007, Smith allegedly nearly hit another employee with one of the three-wheeled bicycles that Michelin uses to facilitate quick travel through its facility. Then, on September 19, 2007, Smith was told during his lunch break that the conveyor belt was down and that he needed to check it. Smith told his supervisor that he would follow up on it after he finished his lunch. The supervisor cited Smith for insubordination and told him that disciplinary proceedings were in process. On September 26, 2007, Smith met with his supervisors, and they discussed the incidents listed

above. Two days after the meeting, Smith received a final written warning and a list of corrective actions to be taken.

On December 26, 2007, Michelin began its six-day scheduled shutdown period. Smith made arrangements to take off work on December 26 and 27, 2007. He agreed to work the remaining four days of the shutdown period and was allegedly scheduled to work twelve-hour days. He worked for the first three days without incident. On the fourth day, New Year's Eve, Smith left after working only five hours. He admits that he did not have prior approval and that he had work that he could have done. Smith claims that it was the shop's policy to be on a "flexible schedule" during the shutdown. (Smith Aff. ¶ 16.)

When Smith returned to work on January 2, 2008, his supervisors asked him whether he had, in fact, left early on New Year's Eve without an emergency reason and without telling anyone. Smith confirmed that he did so. He contended that he was not the only person who left early on New Year's Eve and that two white co-workers had not worked their entire shift. Smith was told that those co-workers had made previous arrangements to do so. He was terminated on January 7, 2008.

Smith filed a charge of racial discrimination with the South Carolina Human Affairs Commission as well as the EEOC and pursued an internal appeal through Michelin's "Fair Treatment Procedure" to challenge his termination. The EEOC issued a "no cause" determination, and the South Carolina Employment Security Commission disqualified Smith for unemployment benefits for 10 weeks because it was determined that his termination was

3

for cause. That decision was upheld on appeal. In addition, Smith's termination was considered, reviewed, and upheld through four levels of review in the Michelin process.

Smith subsequently filed a complaint in this court.

## II. Legal Standard

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c)(2). The party opposing summary judgment "must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

"The party seeking summary judgment carries the burden of showing that there is no genuine issue as to any material fact in the case." Pulliam Inv. Co. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." Id.

## III. Law and Analysis

A plaintiff may prove disparate treatment either by using direct or circumstantial evidence, or by using the framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Smith has produced no direct or circumstantial evidence of racial discrimination and has elected to proceed pursuant to the McDonnell Douglas framework. To overcome a motion for summary judgment under this avenue, Smith must first establish a prima facie case of discrimination. He must show that: (1) he is a member of a protected

4

class; (2) he was performing at a level that met Michelin's legitimate expectations; (3) he was terminated; and (4) similarly situated Michelin employees outside of the protected class were retained under similar circumstances. See Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 188 (4th Cir. 2004).

If Smith can make out a prima facie case for discrimination, the burden shifts to the employer to offer legitimate and non-discriminatory reasons for the termination. Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007). If Michelin carries this burden, Smith must prove by a preponderance of the evidence that these reasons are merely pretext for racial discrimination. Id.

Both parties agree that Smith has established the first and third elements of the prima facie case, but Michelin argues that Smith can not prove the second and fourth elements.

### A. Satisfaction of Michelin's Legitimate Expectations

As to the second prong, Smith cannot show that he was performing at an acceptable level at the time of his termination. In the analysis of this prong, Smith's perception of his own performance is not relevant. Smith v. Flax, 681 F.2d 1062, 1067 (4th Cir. 1980). "It is the perception of the decision maker which is relevant." Id.

Following Smith's failure to respond to a troubleshooting call until after he finished his lunch, his supervisor, Mark Wilkins, and another manager, Steve Phillips, called a meeting with Smith to discuss his performance. At that time, Wilkins and Phillips told Smith that "various production members" had described him as "intimidating" and "were wary

about calling for support." (Wilkins Aff. ¶ 13.) Smith speculated that the other employees were lying about these incidents but did not offer any reason why they would do that. When told that the managers "had doubts about his ability to improve his performance, pointing out that these issues had been long-standing" and could "end with his termination," Smith did not offer any explanation or positive suggestions for improvement. (Id. ¶ 14.) He seemed to understand that his job was in jeopardy but did not seem overly concerned.

Following this meeting, Wilkins issued Smith a "Final Written Warning" and a list of areas that Smith could try to improve. (Id. ¶ 15.) Smith has not presented any evidence to suggest that his supervisor's concerns were illegitimate or that he had improved his performance and attitude. He was still on final warning status at the time of his termination. Accordingly, the Court finds that Smith has not met his burden to show that he was meeting Michelin's legitimate expectations.

B. **Treatment of White Comparators**

To prove the fourth prong, Smith points to two white employees who were not punished for working abbreviated shifts on New Year's Eve. However, according to Wilkins, those employees had pre-approved permission to leave early. (Id. ¶ 15.) Smith relies on an unsworn statement by Kenneth Hendrick, a Michelin employee, which says leaving early during a shutdown "is normally not a problem." (Pl. Mem., Ex. A.) However, the statement goes on to say that normally an employee works out scheduling issues beforehand, which is precisely what Smith did earlier in the week when he wanted to take

6

two days off. Smith has not produced any evidence to show that the white comparators left without pre-approval or were given preferential treatment.

Because Smith cannot establish a prima facie case for racial discrimination, the analysis ends, and the burden does not shift to Michelin to show that it had a non-discriminatory, legitimate reason for firing Smith.

## IV. Conclusion

To defeat Michelin's motion for summary judgment, Smith "may not rely merely on allegations or denials in [his] own pleading; rather, [his] response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Smith relies solely on his own affidavit and a vague statement by another employee to prove discrimination. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986).

Viewing the evidence in the light most favorable to the plaintiff, the court finds that there are no genuine issues of material fact in this case. Because Smith cannot establish a prima facie case pursuant to McDonnell Douglas, Michelin is entitled to judgment as a matter of law, and the Court need not rule on Michelin's objections (ECF No. 30). The Court rejects the Report's recommendation (ECF No. 27) and grants Michelin's motion for summary judgment (ECF No. 21).

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 12, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge